**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LUCAS D. KENDALL, <br> SCRAP MART PROPERTIES, LLC and <br> SCRAP MART, LLC, <br><br>      Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEY PARK, MISSOURI <br> **Serve:** <br> **Chandra L. Webster, Mayor** <br> **320 Benton Street** <br> **Valley Park, Missouri 63088** <br><br>      Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Cause No.: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR INJUNCTION, MANDAMUS, DECLARATORY**
**JUDGMENT, ABUSE OF PROCESS AND DAMAGES**

COME NOW Plaintiffs Lucas D. Kendall, Scrap Mart Properties, LLC, and Scrap Mart,

LLC, by and through their attorneys, Sean D. Brinker, W. Dudley McCarter and Cameron A.

Roark, and for their Complaint for Injunction, Mandamus, Declaratory Judgment, Abuse of

Process and Damages based on violations of Plaintiffs' Due Process, Equal Protection and

Takings Clause rights under the United States Constitution, state:

<u>INTRODUCTION</u>

1.     This lawsuit arises out of actions by various officials of the City of Valley Park,

Missouri ("Defendant") that culminated in an unlawful denial of Plaintiffs' business license and

the unlawful and spiteful issuance of ordinance violation citations directly infringing upon

Plaintiffs' constitutionally protected rights.

2.     Since April 1, 2011, and continuing without interruption, Plaintiff Scrap Mart,

LLC has been lawfully operating a scrap metal recycling business on the property commonly

known as 145 Outer Road West and 165 Outer Road West, both situated in Valley Park,

Missouri (collectively, "Plaintiffs' Property").  On May 6, 2013, Defendant adopted its

comprehensive zoning code (the "2013 Zoning Code"), which classified Plaintiffs' Property as

"I-1 Light Industrial."  The operation of a scrap metal business is not a permitted use upon

Plaintiffs' Property pursuant to the 2013 Zoning Code.  However, since Plaintiffs' operation of

the scrap metal recycling business predates adoption of the 2013 Zoning Code, Plaintiffs have a

constitutionally protected "non-conforming use," and, therefore, are permitted to continue

operation of their business.

3.       Although having acknowledged Plaintiffs constitutionally protected status as a

"non-conforming use," and accepting Plaintiffs' payment of its business license fee for many

years, Defendant has unlawfully attempted to close Plaintiffs' scrap metal recycling business and

coerce Plaintiffs to comply with the 2013 Zoning Code.

4.       Beginning in October 2020, Defendant issued to Plaintiff Lucas D. Kendall

("Kendall") eight (8) citations alleging that Kendall is violating various provisions of

Defendant's 2013 Zoning Code due to Plaintiffs' operation of the scrap metal recycling business

upon Plaintiff's Property.  *See* **EXHIBIT D**.  In January 2021, Defendant issued four (4)

additional citations alleging the same violations.[1]  *See* **EXHIBIT E**.  Each of the Citations were

issued in direct contravention of Plaintiffs' constitutional rights.

5.       Since issuing the Citations, Defendant increased its effort to stop Plaintiffs'

business operations by denying Plaintiffs their business license.  Defendant issued a business

license to Plaintiffs in 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019 and 2020, for

---

[1] The twelve citations are collectively referenced as the "Citations."  Each of the Citations alleges a violation of
Valley Park Municipal Code Section 405.170.D.10(b) which requires storage of certain materials to be in an
enclosed area or hidden by a fence.

which Plaintiffs paid to Defendant the required fee.  On or about January 22, 2021, Defendant

accepted Plaintiffs' business license renewal and documentation and fee for calendar year 2021,

but failed to issue the license.  On or about June 23, 2021, Defendant returned Plaintiffs' license

fee with an undated letter stating that the business license was denied because Plaintiffs are not

in compliance with the 2013 Zoning Code.  *See* **EXHIBIT F**.

6.      Defendant's denial of Plaintiffs' business license and issuance of the Citations are

unconstitutional, unlawful, unreasonable, arbitrary, and capricious.

7.      Plaintiffs bring these civil rights claims under 42 U.S.C.A. § 1983 based on the

Fourteenth Amendment to the United States Constitution and Missouri Constitution regarding

deprivation of Plaintiffs' property.

PARTIES

8.      Plaintiff Scrap Mart, LLC ("Scrap Mart") is a Missouri limited liability company

in good standing with its principal place of business located at 165 Outer Road West, Valley

Park, Missouri 63088.

9.      Plaintiff Scrap Mart Properties, LLC ("Scrap Mart Properties") is a Missouri

limited liability company in good standing with its principal place of business located at 165

Outer Road West, Valley Park, Missouri 63088.

10.     Lucas D. Kendall ("Kendall") is the manager of both Scrap Mart, LLC and Scrap

Mart Properties, LLC, and is also an individual person and resident of Franklin County,

Missouri.  Unless otherwise individually referenced, Plaintiffs Scrap Mart, LLC, Scrap Mart

Properties, LLC, and Lucas D. Kendall are collectively referred to as "Plaintiffs."

11.     Defendant City of Valley Park, Missouri ("Defendant"), is a city of the Fourth

Class located within St. Louis County, Missouri.

3

JURISDICTION AND VENUE

12.     This Court has jurisdiction over the parties and the subject matter pursuant to U.S.

Const. Art. III, § 2 and 28 U.S.C.A § 1331 because the claims asserted herein arise under the

Constitution of the United States including, without limitation, the Due Process Clause and

Equal Protection Clause of the Fourteenth Amendment, the Takings Clause of the Fifth

Amendment and 42 U.S.C.A. §§ 1983 and 1988.  This Court also has supplemental jurisdiction

over all other claims pursuant to 28 U.S.C.A § 1367.

13.     This Court has original jurisdiction over Plaintiffs' claims for injunctive relief and

damages pursuant to 28 U.S.C.A. §§ 1331 and 1343. This Court has jurisdiction over requested

costs and attorneys' fees under 42 U.S.C.A. § 1988.

14.     Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a)

because all of the events giving rise to the cause of action occurred within this judicial district

and because Defendant is a municipality physically situated within this judicial district.  Venue is

proper in the Eastern Division of this Court pursuant to Local Rule 3-2.07 because all of the

events giving rise to this action occurred within St. Louis County, Missouri.

FACTS COMMON TO ALL ALLEGATIONS

15.     Plaintiffs restate and incorporate by reference the allegations contained in

paragraphs 1 through 14, all as if more fully set forth herein.

16.     Scrap Mart Properties is the owner of certain real property commonly known as

145 Outer Road West, Valley Park, Missouri 63088, which real estate is more fully described on

**EXHIBIT A**, attached hereto and incorporated herein by reference.

17.     Scrap Mart leases certain real property commonly known as 165 Outer Road

West, Valley Park, Missouri 63088, which real estate is more fully described on **EXHIBIT B**,

4

attached hereto and incorporated herein by reference.  This property lies immediately adjacent to the real estate owned by Scrap Mart Properties.

18.     Scrap Mart is the owner and operator of a scrap metal recycling business which is situated and operated on Plaintiffs Property, said real estate being more fully described on **EXHIBITS A** and **B**, attached hereto and incorporated herein by reference.

19.     Plaintiffs have continuously operated its scrap metal business upon Plaintiffs' Property since at least April 1, 2011.

20.     Prior to Plaintiffs' operation of the scrap metal business, a portion of Plaintiffs' Property was used for the sale and storage of steel and steel products.

21.     On May 6, 2013, Defendant adopted its comprehensive zoning code (the "2013 Zoning Code").  A true and accurate copy of Defendant's 2013 Zoning Code is attached hereto as **EXHIBIT C** and incorporated herein by reference.

22.     Plaintiffs' Property, upon which the scrap metal business is operated, is located within the city limits of Valley Park, Missouri and is zoned as "I-1 Light Industrial" pursuant to the 2013 Zoning Code.

23.     Upon information and belief, Defendant desires to expel Plaintiffs from the City, to close Plaintiffs' business, and to repurpose the Property for use by another developer or individual which Defendant finds more desirable, all without providing just compensation to Plaintiffs.

24.     Defendant's conduct, as complained of herein, has been arbitrary, capricious, irrational, without due process and has deprived Plaintiffs of their constitutionally protected rights, as well as their property rights.

25.     Defendant's actions, as alleged herein, are in violation of the Constitution of the United States including, without limitation, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, and 42 U.S.C.A. §§ 1983 and 1988.

26.     Defendant's actions as described herein were performed under color of state law, including, but not limited to, the 2013 Zoning Code, Defendant's Code of Ordinances, and the improper use of law enforcement activities or operations, all of which were truly irrational.

27.     Defendant has selectively enforced and targeted for enforcement Plaintiffs, the use of Plaintiffs' Property and the operation of Plaintiffs' business.

<u>COUNT I – DECLARATORY JUDGMENT AND MANDAMUS</u>

28.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 27, all as if more fully set forth herein.

29.     Plaintiffs' Property is zoned "I-1 Light Industrial" under the 2013 Zoning Code.

30.     According to the 2013 Zoning Code, the operation of a scrap metal recycling center is not permitted within the "I-1 Light Industrial" district except upon Defendant's conditional approval.

31.     Prior to Defendant's adoption of the 2013 Zoning Code, Plaintiffs were permitted to operate their scrap metal recycling business upon Plaintiffs' Property without interference, limitation or restriction by way of zoning ordinances imposed by Defendant because such ordinance did not exist.  As such, Plaintiffs' operation of the scrap metal recycling business upon Plaintiffs' Property, which predates the 2013 Zoning Code, constitutes a lawful "non-conforming use."

6

32.     Defendant's 2013 Zoning Code attempts to prohibit or otherwise prevent Plaintiff's operation of a scrap metal recycling facility upon Plaintiffs' Property.

33.     Plaintiffs have a constitutionally protected right to carry on and operate its scrap metal recycling business upon Plaintiffs' Property, free from intrusion, interference or restriction by Defendant.

34.     In October 2020, Defendant issued Plaintiff Kendall eight (8) citations alleging that Kendall violated, or continues to violate, certain provisions of the 2013 Zoning Code due to Plaintiffs' operation of the scrap metal recycling business upon Plaintiffs' Property.  Specifically, the Citations allege Plaintiffs violated 405.170.D.10(b) of Defendant's 2013 Zoning Code by failing to keep or store the recycled materials enclosed or hidden from street view by a suitable fence.

35.     In January 2021, Defendant issued four (4) additional citations to Kendall alleging violations of the 2013 Zoning Code for the same reasons as previously mentioned.

36.     As previously mentioned, Plaintiffs have operated their scrap metal business continuously since April 1, 2011.

37.     Defendant has issued Plaintiffs a business license for the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property for every year from and including 2011 through 2020 for which Plaintiffs fully paid the required fees.  On or about June 23, 2021, without any prior notice or hearing, Defendant notified Plaintiffs that their business license application for 2021 had been denied based upon the allegation that Plaintiffs scrap metal recycling business violates the 2013 Zoning Code. *See* **EXHIBIT F**.  By denying Plaintiffs their business license, which had been issued without incident for the preceding ten (10) years, Defendant effectively revoked Plaintiffs' business license, a protected property right.

38.     At no time prior to the purported revocation/denial of Plaintiffs' business license on June 23, 2021 did Defendant provide Plaintiffs any advance notice of its intent to revoke the license.  Similarly, Defendant never presented Plaintiffs an opportunity to contest the revocation or have any hearing.  Moreover, Defendant never advised Plaintiffs of any investigation, study, hearing, expert reports or studies concerning the propriety of denying Plaintiffs' business license.

39.     Given Defendant's purported revocation of Plaintiffs' business license and Defendant's prior issuance of the Citations, there exists the very real possibility that Defendant will issue additional citations against Plaintiffs alleging some violation of having operated a business without an appropriate license.

40.     Defendant's actions, as alleged herein, are intentionally designed to harass, intimidate and expel Plaintiffs from the city limits, to coerce Plaintiffs to cease operating their scrap metal business, and to cause severe economic and non-economic harm to Plaintiffs.

41.     Plaintiffs have a constitutionally protected right to maintain and operate their scrap metal recycling business upon Plaintiffs' Property.  By its own actions, Defendant clearly disagrees and asserts that it may, without due process of law, violate Plaintiffs' rights and property interests.

42.     The purported revocation of Plaintiffs' business license and the issuance of the Citations deprives Plaintiffs of their due process rights guaranteed by the United States and Missouri Constitutions and is an illegal attempt to deprive Plaintiffs of vested property rights to occupy and use Plaintiffs' Property as a scrap metal recycling facility without due process or fair and just compensation.

43.     Furthermore, Defendant's actions are unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that Defendant conducted no hearing prior to revoking Plaintiffs'

business license, provided Plaintiffs no opportunity to contest the revocation of their business license, and issued the Citations alleging a violation of the 2013 Zoning Code while *previously admitting* that Plaintiffs' business constitutes a legal non-conforming use. *See* **EXHIBIT G**.  In fact, the City's Code Enforcement Officer admitted that Plaintiffs' scrap metal recycling business and the use of Plaintiffs' Property as such was a "legal thriving and growing business." *See* **EXHIBIT H**.

44.     Despite admitting Plaintiffs' use of Plaintiffs' Property constitutes a non-conforming use, the City has sought to coerce Plaintiffs to comply with the 2013 Zoning Code, specifically including the provision from which Plaintiffs are exempt.

45.     As a non-conforming use, under clearly established Missouri Law, Plaintiffs are entitled to continue operating their scrap metal business free from the restrictions or burdens imposed by the 2013 Zoning Code.

46.     Defendant's conduct, as alleged herein, runs afoul of clearly established Missouri and Federal law and is completely unsupported by any evidence or authority, much less competent and credible evidence or authority.

47.     Plaintiffs have a legally protectable interest in the operation of their scrap metal recycling business upon Plaintiff's Property, with the operation thereof free from Defendant's heavy-handed attempts to regulate same through the 2013 Zoning Code.  Similarly, Plaintiffs have a vested property interest in the issuance, approval and receipt of their yearly business license for which Plaintiffs paid the required fees and charges to Defendant.

48.     Given Defendant's actions, there exists a justiciable controversy which is ripe for judicial determination.

49.     Plaintiffs have no other adequate remedy at law to protect their rights absent an order of this Court as Defendant, unless restrained, will continue to harass, intimidate and coerce Plaintiffs into abandoning their business, all while trampling their constitutionally protected rights while doing so.  Unless restrained, Defendant will threaten or actually issue citations to Plaintiffs claiming a violation of the 2013 Zoning Code and seek to impose punishment thereon including but not limited to fines, jail time or loss of business rights.

50.     Plaintiffs have incurred costs and expenses, including attorney fees, of an indeterminate amount prosecuting this action and will continue to do so until this matter is finally resolved.  Pursuant to 42 U.S.C.A. § 1988(b), Plaintiffs, if successful in their suit, are entitled to recover attorney fees and litigation expenses.

51.     Plaintiffs have suffered damages and will most certainly suffer additional damages as a result of Defendant's actions as alleged herein, which damages include, but are not limited to:

      a.      The loss of Plaintiffs' right and ability to operate its business;

      b.      Lost profits and income;

      c.      The loss of value in the real estate currently housing Plaintiffs' business;

      d.      The loss of guests, customers and clients;

      e.      The loss of employees;

      f.      Increased operation expenses;

      g.      Loss of use of the Property;

      h.      Damage to Plaintiffs' reputation and business good will;

      i.      Attorney fees and litigation expenses necessitated to defend and protect Plaintiffs' constitutional rights and the operation of its business;

10

        j.      Late fees and interest because of Plaintiffs' inability to pay contractual debts as a result of lost revenue; and

        k.      Other damages not yet known.

52.     Plaintiffs have also incurred costs and expenses, including attorney fees, defending themselves from Defendant's frivolous and unlawful conduct, including but not limited to, the issuance of the Citations.

53.     Plaintiffs have also incurred damages as a result of Defendant's conduct, as alleged herein, including but not limited to lost profits, reputational damage, attorney fees, litigation expenses, and defamation.

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter its Judgment:

        A.      Finding that Plaintiffs operation of the scrap metal recycling business conducted upon Plaintiffs' Property constitutes a lawful non-conforming use;

        B.      For an order declaring Plaintiffs are entitled to continue operating their scrap metal recycling business upon the entirety of Plaintiffs' Property, all as they have continuously done since inception;

        C.      Declaring and adjudging that Plaintiffs are permitted and entitled to operate their scrap metal recycling business upon Plaintiffs' Property free from the burdens or restrictions imposed by the 2013 Zoning Code, or such subsequent amendments thereto, due to their non-conforming use status;

        D.      Declaring that due to Plaintiffs' non-conforming use status, Defendant is prohibited from demanding, requesting or otherwise seeking compliance with the 2013 Zoning Code as it pertains to the operation of Plaintiffs' scrap metal business;

E.      For an order in mandamus directing Defendant to issue Plaintiffs a business license for calendar year 2021, and each subsequent year thereafter;

F.      For an order prohibiting Defendant from harassing, intimidating, or otherwise attempting to expel Plaintiffs from operating their scrap metal business upon Plaintiffs' Property;

G.      For an order enjoining, restraining and otherwise prohibiting Defendant from issuing citations to Plaintiffs centering on, referencing, or in any respect asserting a violation of the 2013 Zoning Code due to Plaintiffs' operation of their scrap metal recycling center upon Plaintiffs' Property;

H.      For an order enjoining, restraining and otherwise prohibiting Defendant from using its municipal court, police powers, code enforcement officers or such other civil and/or criminal processes to assert any violation of the 2013 Zoning Code for conduct related to the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property;

I.      For an order cancelling and voiding the Citations issued to Plaintiffs;

J.      For an order determining that Defendant violated Plaintiffs' constitutional rights including, but not limited to, the Due Process Clause, the Equal Protection Clause and the Takings Clause;

K.      For an award of damages to Plaintiffs for Defendant's malicious and outrageous actions and constitutional violations, including punitive damages;

L.      For Plaintiff's costs incurred herein, including attorney fees; and

M.      For such other and further orders as this Court considers appropriate under the circumstances.

## COUNT II – INJUNCTION

54.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 53, all as if more fully set forth herein.

55.     Plaintiffs seek a temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendant, its Mayor, Board of Alderman, employees, officers, agents, code enforcement officials, prosecuting attorney and any other agents of Defendant from demanding, seeking, coercing or requesting Plaintiffs comply with the 2013 Zoning Code on account of Plaintiffs vested right to operate their scrap metal recycling business as a non-conforming use upon Plaintiffs' Property; and further request this Court enjoin, restrain, and prohibit Defendant from seeking to use its own municipal court for the purpose of harassing, intimidating, coercing or otherwise punishing Plaintiffs for operating their scrap metal recycling business, a right which is constitutionally protected; and further request this Court enjoin, restrain and prohibit Defendant from denying, revoking, cancelling or otherwise interfering with the issuance of Plaintiffs' yearly business license.

56.     Defendant lacks the authority, either inherently or explicitly, to terminate Plaintiffs lawful non-conforming use, said use being the operation of a scrap metal recycling business upon Plaintiffs' Property.

57.     Defendant also lacks the authority, without proper due process and equal protection under the law, to revoke, cancel or otherwise deny Plaintiffs' business license.

58.     Unless restrained and enjoined by this Court, Defendant will continue to use its code enforcement officers, police force and municipal court to carry out its harassment, intimidation, coercion and nakedly political agenda due to Defendant's disdain for Plaintiffs' constitutional rights.

59.     Defendant's actions, as alleged herein, infringe upon Plaintiffs' constitutionally protected property rights, all of which this Court has the authority and power to protect.

60.     Unless restrained and enjoined by this Court, Plaintiffs will suffer an immediate and irreparable injury, loss and damage in that:

a.      Defendant will continue to harass, coerce, intimate and otherwise cause economic and non-economic damage to Plaintiffs and Plaintiffs' business through the issuance of citations and other political activity;

b.      Plaintiffs will suffer economic harm by being forced to retain legal representation to protect their constitutional rights and defend against the relentless assault imposed by Defendant;

c.      Plaintiffs will incur monetary penalties in the form of fines and fees through Defendant's municipal court and the issuance of ordinance violations;

d.      Defendant will threaten or actually issue additional citations and seek to impose penalties against Plaintiffs, including but not limited to monetary fines and possible confinement in jail;

e.      Plaintiffs will be denied their business license and right to operate their scrap metal recycling business; and

f.      Plaintiffs will incur severely harsh and irreparable penalties, including but not limited to the deprivation of Plaintiffs' freedom and personal liberty through the alleged violations of Defendant's 2013 Zoning Code and adjudication in Defendant's own municipal court.

61.     If a temporary restraining order, preliminary injunction and/or permanent injunction is granted, the injury to Defendant, if any, and assuming Defendant prevails at trial, is

14

nonexistent or so slight it is *de minimis* and, therefore, will be protected without an injunctive bond.

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter its Judgment:

A.      Finding that Plaintiffs operation of the scrap metal recycling business conducted upon Plaintiffs' Property constitutes a lawful non-conforming use;

B.      For an order declaring Plaintiffs are entitled to continue operating their scrap metal recycling business upon the entirety of Plaintiffs' Property, all as they have continuously done since inception;

C.      Declaring and adjudging that Plaintiffs are permitted and entitled to operate their scrap metal recycling business upon Plaintiffs' Property free from the burdens or restrictions imposed by the 2013 Zoning Code, or such subsequent amendments thereto, due to their non-conforming use status;

D.      Declaring that due to Plaintiffs' non-conforming use status, Defendant is prohibited from demanding, requesting or otherwise seeking compliance with the 2013 Zoning Code as it pertains to the operation of Plaintiffs' scrap metal business;

E.      For an order in mandamus directing Defendant to issue Plaintiffs a business license for calendar year 2021, and each subsequent year thereafter;

F.      For an order prohibiting Defendant from harassing, intimidating, or otherwise attempting to expel Plaintiffs from operating their scrap metal business upon Plaintiffs' Property;

G.      For an order enjoining, restraining and otherwise prohibiting Defendant from issuing citations to Plaintiffs centering on, referencing, or in any respect asserting a

violation of the 2013 Zoning Code due to Plaintiffs' operation of their scrap metal recycling center upon Plaintiffs' Property;

H.      For an order enjoining, restraining and otherwise prohibiting Defendant from using its municipal court, police powers, code enforcement officers or such other civil and/or criminal processes to assert any violation of the 2013 Zoning Code for conduct related to the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property;

I.      For an order cancelling and voiding the Citations issued to Plaintiffs;

J.      For an order determining that Defendant violated Plaintiffs' constitutional rights including, but not limited to, the Due Process Clause, the Equal Protection Clause and the Takings Clause;

K.      For an award of damages to Plaintiffs for Defendant's malicious and outrageous actions and constitutional violations, including punitive damages;

L.      For Plaintiff's costs incurred herein, including attorney fees; and

M.      For such other and further orders as this Court considers appropriate under the circumstances.

<u>COUNT III – PROCEDURAL DUE PROCESS VIOLATIONS</u>

62.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 61, all as if more fully set forth herein.

63.     Plaintiffs have a vested property right to continue to use Plaintiffs' Property as a scrap metal recycling facility, all as it has done since at least April 1, 2011 and prior to Defendant's adoption of the 2013 Zoning Code.  Likewise, Plaintiffs have a vested property right

to continue operating the scrap metal recycling business free from the terms of the 2013 Zoning Code.

64.     At all times relevant herein, Defendant and its agents, elected leaders and employees were acting under the color and authority of the law of the State of Missouri and the United States of America and Plaintiffs' property interests are protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

65.     Defendant violated Plaintiffs procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, in that Plaintiffs have been denied their constitutionally protected right to keep and/or renew their business license which was revoked without due process, without any prior warning or notice and without any opportunity to be heard or to contest the revocation/denial thereof.

66.     Defendant has also violated Plaintiffs procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, in that Defendant purposefully issued the Citations while knowing and admitting that Plaintiffs' operation of the scrap metal recycling business constitutes a lawful non-conforming use and, therefore, Plaintiffs do not have to comply with the 2013 Zoning Code.

67.     The above acts of Defendant, jointly and severally, were made for improper and illegal motives and were willful, wanton and malicious.

68.     Defendant's decision to deny/revoke Plaintiffs' business license without any hearing or hint of procedural due process was unconstitutional, unreasonable, arbitrary, capricious and in violation of numerous state and federal laws.

69.     As a result of Defendant's actions described herein, Plaintiffs will suffer substantial damages not yet capable of calculation if this Court does not enjoin the unlawful

conduct of Defendant attempting to close Plaintiffs' business operations at Plaintiffs' Property, to issue the Citations, to issue additional citations to Plaintiffs, and to deny Plaintiffs their business license.

70.     Plaintiffs have also suffered the expense of instituting and prosecuting this suit pursuant to 42 U.S.C.A. §§ 1983 and 1988, pursuant to which this Court has jurisdiction.

71.     Revoking Plaintiffs' business license and terminating Plaintiffs' right to operate their business or use the Property as they have done will cause severe financial, economic and non-economic harm to Plaintiffs.

72.     Defendant's conduct, as described herein, was reckless or callously indifferent to the federally and state protected rights of Plaintiffs, was outrageous and motivated by an evil intent, and therefore, Plaintiffs are entitled to an award of punitive damages in such sum as the jury finds will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter its Judgment:

A.     Finding that Plaintiffs operation of the scrap metal recycling business conducted upon Plaintiffs' Property constitutes a lawful non-conforming use;

B.     For an order declaring Plaintiffs are entitled to continue operating their scrap metal recycling business upon the entirety of Plaintiffs' Property, all as they have continuously done since inception;

C.     Declaring and adjudging that Plaintiffs are permitted and entitled to operate their scrap metal recycling business upon Plaintiffs' Property free from the burdens or restrictions imposed by the 2013 Zoning Code, or such subsequent amendments thereto, due to their non-conforming use status;

D.      Declaring that due to Plaintiffs' non-conforming use status, Defendant is prohibited from demanding, requesting or otherwise seeking compliance with the 2013 Zoning Code as it pertains to the operation of Plaintiffs' scrap metal business;

E.      For an order in mandamus directing Defendant to issue Plaintiffs a business license for calendar year 2021, and each subsequent year thereafter;

F.      For an order prohibiting Defendant from harassing, intimidating, or otherwise attempting to expel Plaintiffs from operating their scrap metal business upon Plaintiffs' Property;

G.      For an order enjoining, restraining and otherwise prohibiting Defendant from issuing citations to Plaintiffs centering on, referencing, or in any respect asserting a violation of the 2013 Zoning Code due to Plaintiffs' operation of their scrap metal recycling center upon Plaintiffs' Property;

H.      For an order enjoining, restraining and otherwise prohibiting Defendant from using its municipal court, police powers, code enforcement officers or such other civil and/or criminal processes to assert any violation of the 2013 Zoning Code for conduct related to the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property;

I.      For an order cancelling and voiding the Citations issued to Plaintiffs;

J.      For an order determining that Defendant violated Plaintiffs' constitutional rights including, but not limited to, the Due Process Clause, the Equal Protection Clause and the Takings Clause;

K.      For an award of damages to Plaintiffs for Defendant's malicious and outrageous actions and constitutional violations, including punitive damages;

L.      For Plaintiff's costs incurred herein, including attorney fees; and

M.      For such other and further orders as this Court considers appropriate under the circumstances.

### COUNT IV – EQUAL PROTECTION

73.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 72, all as if more fully set forth herein.

74.     Defendant has not revoked business licenses, refused to grant new licenses, or issued citations to other commercial businesses that are similarly situated to Plaintiffs.

75.     The Equal Protection Clause of the United States and Missouri constitutions entitle Plaintiffs to receive approval from Defendant of its request for a business license and to operate as a non-conforming use without regard to the ethnicity, race, religion or sexual orientation of Plaintiffs because Plaintiffs are similarly situated to other commercial business.

76.     Defendant's decision to target Plaintiffs, to issue the Citations and to revoke its business license is based on one or more of Plaintiffs' constitutionally protected classes including Kendall's ethnicity, race, religion or sexual orientation.

77.     Further, Plaintiffs are otherwise qualified to keep their existing lawful business license and to receive a new one. Plaintiffs are also entitled to keep and maintain their lawful non-conforming use.

78.     Defendant has no rational basis for failing and refusing to allow Plaintiffs to continue to operate their business under their validly acquired business license and non-conforming use status. Defendant's denial and revocation of Plaintiffs' business license was arbitrary, capricious, irrational, and without any hint of due process.

79.     Defendant's failure and refusal to allow Plaintiffs to proceed under their validly acquired business license and non-conforming use status has unconstitutionally singled out Plaintiffs for discriminatory treatment in that the treatment is invidiously dissimilar to that of others similar situated.

80.     Upon information and belief, and based upon the substance of the Citations, Defendant is targeting Plaintiffs for allegedly violating provisions of the 2013 Zoning Code concerning the outdoor storage of materials and products.

81.     Upon information and belief, Defendant has not targeted or enforced these same provisions against neighboring properties or others throughout the City of Valley Park, all of whom are apparently violating these same provisions.  One such individual, property or business owner who is apparently violating the same 2013 Zoning Code provisions as Plaintiffs (and likely without a constitutionally protected non-conforming use) is Defendant's Mayor Chandra L. Webster, but Defendant has not taken any remedial actions against said Mayor.

82.     This invidious discriminatory treatment is a violation of Plaintiffs' Fourteenth Amendment equal protection rights.

83.     Defendant has singled out Plaintiffs and the operation of their business for alleged zoning code violations and unevenly applied the 2013 Zoning Code against Plaintiffs despite having knowledge of others allegedly violating the same provisions of the 2013 Zoning Code.

84.     Defendant has not sought to enforce or apply the laws evenly, but rather, has singled out Plaintiffs for disparate treatment based upon one or more of Plaintiffs' constitutionally protected characteristics.  Defendant's own correspondence admits it is treating Plaintiffs differently than similarly situated businesses, landowners and individuals.  *See* **EXHIBIT I**.

21

85.     At all times relevant herein, Defendant was acting under the color and authority of the laws of the United States of America and the State of Missouri.

86.     Upon information and belief, consistent with its plan to identify and promote someone other than Plaintiffs to own and develop the Property, the City desires to expel Plaintiffs from the Property through unlawful administrative procedures and to take the Property without just compensation or due process.

87.     The acts and omission of Defendant described herein demonstrate deliberate indifference and willful disregard for Plaintiffs' constitutional rights.

88.     Defendant's acts and omissions described herein were willful, wanton, outrageous and malicious, thus entitling Plaintiffs to a reasonable award of punitive damages.

89.     State and Federal laws allow Plaintiffs to recover their damages and attorney fees incurred as a result of violations of their constitutional rights. *See* e.g., 42 U.S.C.A. §§ 1983 and 1988.

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter its Judgment:

A.     Finding that Plaintiffs operation of the scrap metal recycling business conducted upon Plaintiffs' Property constitutes a lawful non-conforming use;

B.     For an order declaring Plaintiffs are entitled to continue operating their scrap metal recycling business upon the entirety of Plaintiffs' Property, all as they have continuously done since inception;

C.     Declaring and adjudging that Plaintiffs are permitted and entitled to operate their scrap metal recycling business upon Plaintiffs' Property free from the

burdens or restrictions imposed by the 2013 Zoning Code, or such subsequent amendments thereto, due to their non-conforming use status;

D.      Declaring that due to Plaintiffs' non-conforming use status, Defendant is prohibited from demanding, requesting or otherwise seeking compliance with the 2013 Zoning Code as it pertains to the operation of Plaintiffs' scrap metal business;

E.      For an order in mandamus directing Defendant to issue Plaintiffs a business license for calendar year 2021, and each subsequent year thereafter;

F.      For an order prohibiting Defendant from harassing, intimidating, or otherwise attempting to expel Plaintiffs from operating their scrap metal business upon Plaintiffs' Property;

G.      For an order enjoining, restraining and otherwise prohibiting Defendant from issuing citations to Plaintiffs centering on, referencing, or in any respect asserting a violation of the 2013 Zoning Code due to Plaintiffs' operation of their scrap metal recycling center upon Plaintiffs' Property;

H.      For an order enjoining, restraining and otherwise prohibiting Defendant from using its municipal court, police powers, code enforcement officers or such other civil and/or criminal processes to assert any violation of the 2013 Zoning Code for conduct related to the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property;

I.      For an order cancelling and voiding the Citations issued to Plaintiffs;

J.      For an order determining that Defendant violated Plaintiffs' constitutional rights including, but not limited to, the Due Process Clause, the Equal Protection Clause and the Takings Clause;

23

K.      For an award of damages to Plaintiffs for Defendant's malicious and outrageous actions and constitutional violations, including punitive damages;

L.      For Plaintiff's costs incurred herein, including attorney fees; and

M.      For such other and further orders as this Court considers appropriate under the circumstances.

COUNT V – ACTION FOR UNCONSTITUTIONAL TAKING

90.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 89, all as if more fully set forth herein.

91.     Defendant's unilateral taking without just cause or compensation of Plaintiffs' property rights significantly diminishes the value of Plaintiffs' Property.

92.     Plaintiff purchased and/or leased Plaintiffs' Property with the intention to operate it as a scrap metal recycling facility.

93.     Defendant's unlawful and unilateral actions completely prohibit Plaintiffs from using Plaintiffs' Property in accordance with Plaintiffs' investment-backed expectations to continue to operate its scrap metal recycling business.

94.     Defendant's unlawful taking of Plaintiffs' vested property rights is arbitrary, capricious, unreasonable, and an abuse of discretion.

95.     Defendant's actions with regard to Plaintiffs' vested property rights represent an unconstitutional taking, a regulatory taking and an inverse condemnation.

96.     As a direct result of Defendant's unconstitutional taking, Plaintiffs have sustained damages far in excess of $25,000.00 and will continue to do so unless and until this Court intervenes a protects Plaintiffs' rights.

24

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter its Judgment:

        A.      Finding that Plaintiffs operation of the scrap metal recycling business conducted upon Plaintiffs' Property constitutes a lawful non-conforming use;

        B.      For an order declaring Plaintiffs are entitled to continue operating their scrap metal recycling business upon the entirety of Plaintiffs' Property, all as they have continuously done since inception;

        C.      Declaring and adjudging that Plaintiffs are permitted and entitled to operate their scrap metal recycling business upon Plaintiffs' Property free from the burdens or restrictions imposed by the 2013 Zoning Code, or such subsequent amendments thereto, due to their non-conforming use status;

        D.      Declaring that due to Plaintiffs' non-conforming use status, Defendant is prohibited from demanding, requesting or otherwise seeking compliance with the 2013 Zoning Code as it pertains to the operation of Plaintiffs' scrap metal business;

        E.      For an order in mandamus directing Defendant to issue Plaintiffs a business license for calendar year 2021, and each subsequent year thereafter;

        F.      For an order prohibiting Defendant from harassing, intimidating, or otherwise attempting to expel Plaintiffs from operating their scrap metal business upon Plaintiffs' Property;

        G.      For an order enjoining, restraining and otherwise prohibiting Defendant from issuing citations to Plaintiffs centering on, referencing, or in any respect asserting a violation of the 2013 Zoning Code due to Plaintiffs' operation of their scrap metal recycling center upon Plaintiffs' Property;

      H.     For an order enjoining, restraining and otherwise prohibiting Defendant from using its municipal court, police powers, code enforcement officers or such other civil and/or criminal processes to assert any violation of the 2013 Zoning Code for conduct related to the operation of Plaintiffs' scrap metal recycling business upon Plaintiffs' Property;

      I.     For an order cancelling and voiding the Citations issued to Plaintiffs;

      J.     For an order determining that Defendant violated Plaintiffs' constitutional rights including, but not limited to, the Due Process Clause, the Equal Protection Clause and the Takings Clause;

      K.     For an award of damages to Plaintiffs for Defendant's malicious and outrageous actions and constitutional violations, including punitive damages;

      L.     For Plaintiff's costs incurred herein, including attorney fees; and

      M.     For such other and further orders as this Court considers appropriate under the circumstances.

COUNT VI – ABUSE OF PROCESS

97.     Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1 through 96, all as if more fully set forth herein.

98.     Beginning on October 8, 2020, and continuing through October 21, 2020, Defendant, acting by and through Code Enforcement Officer Thomas A. Proemsey, issued eight (8) citations to Kendall.  A true and accurate copy of each citation is attached hereto collectively as **EXHIBIT D** and incorporated herein by reference.

99.     On January 7, January 8, January 11, and January 12, 2021, Defendant issued four (4) additional citations again alleging the same violations as those referenced in the October

citations.  A true and accurate copy of the January citations are attached hereto collectively as **EXHIBIT E**, and incorporated herein by reference.  The October and January citations are hereinafter collectively referred to as the "Citations."

100.     Each of the Citations alleges a violation of Section 405.170.D.10 of the 2013 Zoning Code.  A true and accurate copy of Section 405.170 of Defendant's Municipal Ordinances is contained within **EXHIBIT C**, previously attached hereto.

101.     Issuance of the Citations was an illegal, improper, and perverted use of process because, by their very issuance, Defendant seeks to punish Plaintiff for operating its business, a constitutionally protected business.

102.     Further, issuance of the Citations was an illegal, improper and perverted use of process because, by their very issuance, Defendant seeks to compel and coerce Plaintiff to comply with the 2013 Zoning Code, all while Defendant has actual knowledge of Plaintiff's non-conforming use status.

103.     Issuance of the Citations is a clear attempt to trample upon and terminate Plaintiff's constitutional rights in violation of both the United States Constitution and the Missouri Constitution.

104.     Defendant issued the Citations for an improper purpose, all as alleged herein.

105.     Plaintiff has suffered, will suffer, and continues to suffer damage as a result of Defendant's conduct in issuing the Citations, said damage includes, but is not limited to:

      a.     The imposition of monetary fines;

      b.     Lost profits due to Plaintiff being forced to divert resources (including time and money) to address the frivolous claims asserted by Defendant;

27

      c.      Legal expenses incurred defending against Defendant's meritless and frivolous claims;

      d.      The potential deprivation of Plaintiff's and Kendall's civil liberties; and

      e.      Defamation of character and damage to Plaintiff's reputation.

106.    Defendant has abused its civic trust by issuing the Citations in order to punish Plaintiff and to compel Plaintiff to acquiesce to some collateral purpose, namely adherence to the 2013 Zoning Code.

107.    Plaintiff requests this Court impose punitive damages against Defendant for willfully, knowingly or recklessly violating, or at least attempting to violate, Plaintiff's constitutional rights.

WHEREFORE, Plaintiffs Scrap Mart, LLC, Scrap Mart Properties, LLC, and Lucas D. Kendall respectfully request this Court enter Judgment in their favor by finding Defendant City of Valley Park guilty of abuse of process; for a monetary award sufficient to compensate Plaintiff for all damages incurred as a result of Defendant's unlawful, vindictive and abusive conduct; for an award of punitive damages against Defendant sufficient to deter such conduct in the future and to compensate Plaintiff for all pain and suffering; for an injunction prohibiting Defendant from filing further lawsuits or issuing citations alleging a violation of the 2013 Zoning Code based upon Plaintiff's operation of a scrap metal recycling business upon Plaintiff's Property; for Plaintiff's costs incurred herein, including attorney fees; and for such other and further orders as this Court finds appropriate under the circumstances.

*[Remainder of page intentionally left blank.]*

Dated: November 16, 2021.

Respectfully submitted,

ZICK, VOSS, POLITTE, RICHARDSON & BRINKER,
A Professional Corporation


By:_____/s/Sean D. Brinker_____
   Sean D. Brinker, MBE # 67404MO
   438 West Front Street
   P.O. Box 2114
   Washington, Missouri 63090
   (636) 239-1616
   (636) 239-5161 Facsimile
   sdb@zvplaw.com

*Attorney for Plaintiffs*

Respectfully submitted,

BEHR, MCCARTER & POTTER,
A Professional Corporation


By:_____/s/ W. Dudley McCarter_____
   W. Dudley McCarter, MBE # 24939MO
   Cameron A. Roark, MBE # 72091MO
   7777 Bonhomme Ave., Suite 1400
   Clayton, Missouri 63105
   (314) 862-3800
   (314) 862-3953 Facsimile
   dmccarter@bmplaw.com
   croark@bmplaw.com

*Attorney for Plaintiffs*

W:\G-H-I-J-K\Kendall\Scrap-Mart - Valley Park\Federal Court\Complaint.docx

STATE OF MISSOURI    )
                        ) ss
COUNTY OF FRANKLIN   )

Lucas D. Kendall, being of age and being first duly sworn upon his oath states he is the manager of Scrap Mart, LLC, a Missouri limited liability company, that he has reviewed the foregoing Complaint for Injunction, Mandamus, Declaratory Judgment, Abuse of Process and Damages, and that the facts stated therein are true to his best knowledge, information and belief.

SCRAP MART, LLC


By: _____
Lucas Kendall, Manager

Subscribed and sworn to before me on November _12_, 2021.


_____
Amy L. Branson
Notary Public, State of Missouri
Commissioned in Franklin County
Commission No. 15422760

AMY L. BRANSON
My Commission Expires
May 30, 2023
Franklin County
Commission #15422760

My Commission Expires:
May 30, 2023.

STATE OF MISSOURI      )
                              ) ss
COUNTY OF FRANKLIN   )

       Lucas D. Kendall, being of age and being first duly sworn upon his oath states he is the manager of Scrap Mart Properties, LLC, a Missouri limited liability company, that he has reviewed the foregoing Complaint for Injunction, Mandamus, Declaratory Judgment, Abuse of Process and Damages, and that the facts stated therein are true to his best knowledge, information and belief.

                                     SCRAP MART PROPERTIES, LLC


                            By: _____
                                 Lucas Kendall, Manager

     Subscribed and sworn to before me on November  12 , 2021.

AMY L. BRANSON
My Commission Expires
May 30, 2023
Franklin County
Commission #15422760

NOTARY PUBLIC
* NOTARY *
SEAL
STATE OF MISSOURI

                            _____
                            Amy L. Branson
                            Notary Public, State of Missouri
                            Commissioned in Franklin County
                            Commission No. 15422760

My Commission Expires:
May 30, 2023.

31

STATE OF MISSOURI    )
                  ) ss
COUNTY OF FRANKLIN   )

      Lucas D. Kendall, being of age and being first duly sworn upon his oath, states he is the Plaintiff named in the foregoing Complaint for Injunction, Mandamus, Declaratory Judgment, Abuse of Process and Damages, and the facts stated therein are true to his best knowledge, information, and belief.

_____

Lucas D. Kendall, Plaintiff

Subscribed and sworn to before me November **12**, 2021.

AMY L. BRANSON
My Commission Expires
May 30, 2023
Franklin County
Commission #15422760

_____

Amy L. Branson
Notary Public, State of Missouri
Commissioned in Franklin County
Commission No. 15422760

My Commission Expires:
May 30, 2023.