UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **SCRAP MART, LLC, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 4:21CV1353 HEA |
| ) | |
| **CITY OF VALLEY PARK, MISSOURI,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, Stay Proceedings, [Doc. No. 11]. Plaintiffs oppose the Motion. For the reasons set forth below, Defendant's Motion will be denied.

**Background[1]**

Plaintiffs brought this action seeking mandamus, injunctive and declaratory relief, and alleging an abuse of process, procedural due process, equal protection, and takings violations based on a number of zoning ordinance citations.

Plaintiff Scrap Mart, LLC ("Scrap Mart") has been operating a scrap metal recycling business in Valley Park, Missouri since April 1, 2011. The property upon which the business is operated is comprised of two parcels, one

---

[1] The recitation of the factual background is set forth for the purposes of this motion only, and in no way relieves the parties of the necessary proof of the alleged facts in later proceedings.

owned by Scrap Mart Properties, LLC ("Scrap Mart Properties") and the other leased by Scrap Mart. Two years after Plaintiffs opened their doors, Defendant adopted its Comprehensive Zoning Code (the "2013 Zoning Code") regulating land use within city limits. Plaintiffs were permitted to operate their business without interruption until late 2020, when Defendant began issuing ordinance violation citations to Plaintiff Lucas D. Kendall ("Kendall"). Defendant has issued twelve (12) citations to Kendall, all of which allege a violation of Valley Park Municipal Code § 405.170.D.10 (the "Citations"). The ordinance purports to require indoor or screened storage of business materials. Kendall is the only defendant named in the Citations and none of the Citations allege any conduct with respect to Plaintiffs' business license. Each of the Citations is pending before the Valley Park Municipal Court (the "Municipal Court Proceedings").

Following issuance of the Citations, Plaintiffs filed suit in the St. Louis County Circuit Court on February 24, 2021 seeking a declaratory judgment as to Plaintiffs' nonconforming use status and damages for abuse of process and malicious prosecution. Plaintiffs' lawsuit was dismissed on May 21, 2021. Following this dismissal, Plaintiffs learned that their business license, which had been renewed without issue each of the prior ten (10) years, had been denied without prior notice and without a hearing process.

From 2013 through and including 2020, Defendant issued a business license to Plaintiffs for operation of the scrap metal recycling business. On January 22, 2021, Defendant accepted Plaintiffs' business license renewal form and cashed Plaintiffs' check for payment of the required fee. Not until June 23, 2021, did Defendant notify Plaintiffs that their business license had been revoked and the fee returned. Defendant never gave advance warning of the business license revocation or any opportunity for Plaintiffs to be heard. Defendant's notice of revocation or nonrenewal simply states that Plaintiffs are not in compliance with all zoning requirements – namely those identified in the Citations.

## **Legal Standard**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing

all inferences in the plaintiff's favor, accepting the complaint's factual allegations as true and drawing all inferences in the plaintiff's favor. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018); *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

Defendant moves to dismiss the Complaint under the abstention principles of *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiffs argue s argue *Younger* is inapplicable because Defendants have failed to establish the necessary elements articulated in *Younger*.

## Discussion

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending

state proceedings" involving important state interests. *Younger v. Harris*, 401 U.S. 37, 59 (1971). *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine reflects the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine does not apply to Plaintiffs' claims against Defendant relating to the nonrenewal of the business license. While the claims are related to an ongoing state judicial proceeding

5

against one Plaintiff, and the state clearly has an important interest in enforcing its municipal ordinances, Plaintiffs raise a valid indication that they cannot raise their constitutional claims during the state criminal proceedings. The state proceeding is against only Plaintiff Kendall is a party to the Municipal Court proceedings.

Moreover, although Defendant argues Plaintiffs can appeal any adverse rulings regarding Plaintiffs' constitutional challenges from the Municipal Court proceedings, the only issue presented in those hearings is the alleged violation of the 2013 Valley Park Code § 405.170.D.10  Section 405.170.D.10 provides:

> All storage of materials and equipment shall be within a fully enclosed building or in a side or rear yard so screened by berms, dense vegetative plantings, wooden fences, or brick or decorative masonry walls, or combinations of these materials at least eight (8) feet in height so that said materials and equipment are not visible at the grade of the nearest adjacent street, or at the nearest property lines.

Plaintiffs may not raise any unrelated constitutional challenges regarding their nonconforming use status and due process and equal protection claims as a defendant in the proceedings. Any appeal of the Municipal Court proceeding is limited solely to the issue brought in that proceeding.  Defendant fails to address this lack of opportunity to raise the nonconforming use and due process and equal protection claims in the Municipal Court proceedings.

## **Conclusion**

For the foregoing reasons, Defendant has failed to establish that all of the necessary elements of the elements of the *Younger* abstention doctrine are present to require dismissal or a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, Stay Proceedings, [Doc. No. 11], is **DENIED.**

Dated this 12th  day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE