UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCAS D. KENDALL, SCRAP MART PROPERTIES, LLC and SCRAP MART LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 4:21CV1353 HEA |
| CITY OF VALLEY PARK, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 95]. Plaintiffs oppose the Motion. Defendants have filed a Reply to the Opposition. For the reasons set forth below, the Motion is granted.

### Facts and Background

In its Opinion, Memorandum and Order dated June 12, 2023, the Court set out the factual background giving rise to this action. As such, facts and background will be restated as necessary for the purposes of this Opinion.

### Legal Standard

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads

1

facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42

2

F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab.,* Inc., 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id.* (citations omitted)).

## Discussion

> "The term 'nonconforming use' means a use of land which lawfully existed prior to the enactment of a zoning ordinance and which is maintained after the effective date of the ordinance even though not in compliance with the new use restriction." *Lamar Co., LLC v. City of Columbia*, 512 S.W.3d 774, 788 (Mo. App. W.D. 2016) (internal quotation marks omitted). "The theory behind the nonconforming use doctrine is that applying new zoning restrictions to established uses of land would constitute a taking of private property without just compensation or due process." *Id.* (internal quotation marks omitted). "As such, the prior use which is now considered 'nonconforming' is deemed legal or lawful and is allowed to continue albeit in violation of current zoning laws." *Id.* (internal quotation marks omitted).

*Parkview Vale, LLC v. Bd. of Zoning Adjustment for City of Kansas City*, 620 S.W.3d 268, 273–74 (Mo. Ct. App. 2021). And under Missouri law, "a pre-existing, lawful, nonconforming use is a vested property right, which cannot be abrogated by a newly enacted ordinance unless just compensation is paid to the landowner." *Scope Pictures, of Missouri, Inc. v. City of Kansas City*, 140 F.3d 1201, 1206 (8th Cir. 1998) (citing *Hoffmann v. Kinealy*, 389 S.W.2d 745, 748–50

(Mo. 1965) (en banc)); see *Lamar Co., LLC v. City of Columbia*, 512 S.W.3d 774, 788 (Mo. App. W.D. 2016).

The underlying basis for Plaintiffs' action necessarily requires the Court to address whether Plaintiffs had valid nonconforming uses of their property, which the Court cannot do.  Defendant argues Plaintiffs' action should be dismissed since Plaintiffs failed to exhaust their administrative remedies before filing suit.  As the Court found in the June 12, 2023 Opinion, at this stage, it is sufficient for Plaintiffs to argue there is no administrative remedy because Defendants denied the license with no prior hearing.

More fundamentally, however, is Plaintiffs' lack of sufficient factual allegation demonstrating a plausible claim. Plaintiffs insist they have a property interest in using the land as a scrap metal business because they were using the property as such before the enactment of the 2013 Zoning Code for Valley Park, thus they contend they have a property interest in this non-conforming use of the property. Plaintiffs' statement that its operation of the business was legal before the Code and therefore the continued operation constitutes a protected non-conforming use, is a conclusion that is insufficient to set forth a claim under *Iqbal*. (finding conclusory allegations are insufficient to overcome a motion to dismiss); accord, *MDKC, LLC v. City of Kansas City*, No. 4:23-CV-00395-DGK, 2023 WL

4

6406403, at *8 (W.D. Mo. Oct. 2, 2023)(finding the Complaint made conclusory assertions that were insufficient to survive a motion to dismiss.

Plaintiffs continue to assert the business was legal prior to the enactment of the 2013 Zoning Code, however, Plaintiffs' mere statement that the use was a legally performing non-conforming use does not make it so, nor does it apprise Defendants of the basis for this conclusion. Plaintiffs' entire Third Amended Complaint is based on the conclusion that the business was in fact a non-conforming use prior to the 2013 Zoning Code. As Defendants argue, and of which the Court can take judicial notice, St. Louis County had a zoning code in effect in 2011 which did not allow the use, and which appears to have applied to Plaintiffs.

Likewise, assuming Plaintiffs can set forth sufficient allegations to state a valid non-conforming use, the Third Amended Complaint fails to set out whether the use of the property has continued to remain as it was prior to the Code, as is necessary for Plaintiffs to continue business as a non-conforming use. Although Plaintiffs set out that the metes and bounds of the property have not changed, this fact alone is not enough to set out a claim for a non-conforming use, as additional volume of business, services offered or hours of operation, for example may invalidate a non-conforming use. The Third Amended Complaint fails to sufficiently allege the claimed non-conforming use is operating as it always had been.

As previously discussed, Plaintiffs' allegations regarding their "legal non-conforming use" of the subject property are insufficient to set forth a cause of action.  As such, the allegations attempting to state an abuse of process claim cannot withstand the challenge.

As the Court previously detailed in the June 12, 2023 Opinion, Plaintiffs are required to set forth sufficient facts to apprise Defendants of the claimed policy or custom they claim caused the alleged injuries in nonconclusory terms. Plaintiffs' claims attempt to set out a policy by urging that it is "obviously" a policy because the change happened when the new mayor came into office. Such speculation does not rise to the plausible level of stating a claim for an illegal policy or custom. Plaintiffs' Complaint does not contain any facts from which it might reasonably be inferred that Valley Park had an unconstitutional policy or custom which caused the alleged violations of Plaintiff's rights. *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom."); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]'—'that the pleader is entitled to relief.' " (quoting Fed. R. Civ. P. 8(a)(2))).  The allegations of Plaintiffs' claim are merely conclusory statements without sufficient facts under the *Iqbal* standards.

6

## Conclusion

In order to state a plausible cause of action, Plaintiffs are required to plead sufficient facts showing they are entitled to relief. The Court may not accept conclusions in assessing the sufficiency of the pleading. Plaintiffs' claims are based on the conclusion that their use of the property was a valid non-conforming use, but the Third Amended Complaint fails to provide sufficient factual allegations to show the use was indeed a legal non-conforming use. Defendants' motion to dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, [Doc. No. 95] is **granted**.

Dated this 30th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE