UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCAS D. KENDALL, SCRAP MART PROPERTIES, LLC and SCRAP MART LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:21CV1353 HEA |
| CITY OF VALLEY PARK, MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint, [Doc. No. 126]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

### Facts and Background

In its Opinion, Memorandum and Order dated June 12, 2023, the Court set out the factual background giving rise to this action. As such, facts and background will be restated as necessary for the purposes of this Opinion.

### Discussion

In its March 30, 2024 Opinion, Memorandum and Order, the Court dismissed Plaintiffs' Second Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Order detailed the deficiencies in the Second Amended Complaint under *Ashcroft v. Iqbal*, 556 U.S.

1

662, 678 (2009). Plaintiffs now seek leave to file a Third Amended Complaint. Plaintiffs argue their proposed Third Amended Complaint ("PTAC") cures the pleading errors previously delineated. Plaintiffs have not identified the changes in the PTAC from the Second Amended Complaint, however, the Court has reviewed the PTAC under the applicable standards for setting forth a plausible claim for relief. Fed.R.Civ.P. Rule 12(b)(6); *Iqbal*, 556 U.S. at 678.

Plaintiffs once again rely on the conclusion that Scrap Mart "has been validly and lawfully operating its scrap metal recycling business within the City of Valley Park, Missouri since August 29, 2011. This is a conclusion which cannot withstand challenge. Plaintiffs assert that when Scrap Mart began its operations in August 2011, it was not within Valley Park's boundaries. In 2013, the territory upon which Scrap Mart operates was annexed. Plaintiff argues that it was a legally operating business prior to the annexation, therefore, it continues to be a legal non-conforming use of the property. As the Court has previously discussed, Valley Park Code Section 405.980,[1] provides "[a] newly annexed area will retain the City

---

[1] It is proper for the Court to take judicial notice of the Valley Park Code as well as the St. Louis County Zoning Code. Municipal zoning ordinances are proper subjects of judicial notice under Federal Rule of Evidence 201(b). *FFV Coyote LLC v. City of San Jose*, 637 F. Supp. 3d 761, 768 (N.D. Cal. 2022); see also *Newcomb v. Brennan*, 558 F.2d 825 (7th Cir. 1977) ("[C]ity ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.").

2

zoning district equivalent of its County zoning until the City zoning process is completed." At the time Plaintiffs' Properties were annexed, the applicable St. Louis County zoning was "FPM1" which did not authorize a scrap metal recycling facility. (Exhs. A and B, Doc. No. 96-1and 96-2). The Valley Park's zoning district equivalent to the County's "FPM1" was I-1 Light Industrial, which did not allow for a "materials recovery/recycling facility." (Exh. C, Doc. No. 96-3.) Plaintiffs' conclusion that the properties were legally operating at the time of annexation is unsupported by sufficient factual allegations to plausibly state a claim in light of applicable zoning codes. Plaintiffs' PTAC realleges the claims, with only minor changes and without sufficient additional factual allegations, that were already dismissed by this Court. The PTAC would once again not withstand the motion to dismiss challenge. Allowing Plaintiffs to file a Third Amended Complaint would therefore be futile.

> When a complaint is dismissed for failure to state a claim, the district court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009). "[F]utility constitutes a valid reason for denial of a motion to amend." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (quotation omitted).

3

...

*Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) When evaluating futility, a district court determines whether the proposed amendment is duplicative, frivolous, or could survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014).

Defendant has protectively filed counterclaims. It advises the Court that it filed these counterclaims out of an abundance of caution and that they are the subject of the suit pending in the Circuit Court for the City of St. Louis, Missouri pending before the Honorable David Vincent. As such the Court declines to exercise any supplemental jurisdiction over these counterclaims.

## Conclusion

Plaintiffs' Proposed Third Amended Complaint fails to remedy the insufficiencies found with their Second Amended Complaint. It is therefore futile to allow the motion to file a Third Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint, [Doc. No. 126], is denied.

**IT IS FURTHER ORDERED** Defendant's counterclaims are dismissed.

Dated this 18th day of February 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE