UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCAS D. KENDALL, SCRAP MART PROPERTIES, LLC and SCRAP MART LLC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:21CV1353 HEA ) |
| CITY OF VALLEY PARK, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Amend Order on Plaintiffs' Motion for Leave to File Third Amend, [Doc. No. 53]. Defendants oppose the Motion. For the reasons set forth below, the Motion is denied.

Plaintiffs filed their initial Complaint on November 16, 2021. In this Complaint, Plaintiffs sought an order declaring the subject scrap metal business was legally operating prior to the 2013 Zoning Code and that it was currently operating as a valid non-conforming business. Defendants filed a motion to dismiss for failure to state a claim. The Motion was granted and Plaintiffs were granted leave to file an amended complaint.

Plaintiffs filed their First Amended Complaint on December 27, 2022. On February 22, 2023 Defendants filed a motion to dismiss the First Amended

1

Complaint for failure to state a claim.  The Court conducted a hearing on this Motion to Dismiss on May 10,2023. On June 12, 2023, the Court granted Plaintiffs; leave to file their Second Amended Complaint. The Court again concluded Plaintiff's First  Amended Complaint failed again for a variety of reasons .Plaintiffs were once again given leave to file an Amended Complaint. Plaintiffs' second Amended Complaint was filed June 26, 2023. Defendants once again filed a motion to dismiss on July 31, 2023. The Court conducted a hearing on February 29, 2024. Thereafter, on March 30, 2024, the Court granted Defendants' motion and issued an Order of Dismissal.

     The fundamental basis of the Court Orders dismissing Plaintiffs' Complaints was the lack of factual allegations to set forth a legal non-conforming use of the subject property. In each Complaint, Plaintiffs continuously claim the scrap metal business was legally operating prior to the zoning ordinance and therefore continues to be a legal non-conforming use business. Each Complaint was challenged by Defendants for failure of Plaintiffs to set forth their allegations supported by sufficient facts to overcome the conclusory statements. None of the complaints provided sufficient facts to do so. Plaintiffs appear to rely on the previous issuance of licenses to conclude the business was operating legally without making any connection between whether the issuance of the licenses

2

rendered the business operating legal within the constraints of the applicable zoning ordinance at the time.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Nor do the Local Rules for the Eastern District of Missouri. "Depending on the circumstances," however, such motions "may be properly analyzed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b)." *Doe, C.P. v. Key, No*. 4:20-cv-01233-KGB, 2024 WL 6843183, *1 (E.D. Ark. Mar. 11, 2024) (citing *Kirt v. Fashion Bug # 3252, Inc.*, 495 F. Supp. 2d 957, 964–65 (N.D. Iowa 2007)).

**Rule 59(e)**

Federal Rule of Civil Procedure 59(e) may apply under these circumstances. Rule 59(e) provides for a "motion to alter or amend a judgment," Fed.R.Civ.P. 59(e), and such a motion must be "directed to" a "judgment" rather than "a nonfinal order." *Broadway*, 193 F.3d at 989; see *Banister v. Davis*, 590 U.S. 504, 507 (2020) (Rule 59(e) "enables a party to request that a district court reconsider a just-issued judgment"); accord *Nordgren v. Hennepin County*, 96 F.4th 1072, 1077 (8th Cir. 2024). As "used in" the Federal Rules of Civil Procedure, the term "judgment" includes "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). The term thus "includes any appealable order, whether the order is appealable as a final judgment under 28 U.S.C. § 1291 "or is otherwise made appealable by statute

3

on an interlocutory basis." 10 MOORE'S FEDERAL PRACTICE § 54.02[2] at 54-20 (3d ed. 2025) (footnote omitted).

Plaintiffs' motion to reconsider might fall under Rule 60(b), which permits a court, on "motion and just terms," to "relieve a party ... from a final judgment, order, or proceeding" for six specified "reasons" (including, as discussed below, a court's "mistake" or "inadvertence"). Fed.R.Civ.P. 60(b). Although Rule 59(e), as mentioned, requires there to have been a "judgment," Rule 60(b) applies somewhat more broadly to motions for relief from a "judgment, order, or proceeding." Under the rule's "plain language," though, the judgment or order at issue must have been "final." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 n.5 (8th Cir. 2006); see *Evans*, 2023 WL 3170525, at *2 (Rule 60(b) "references 'final' orders"). The "addition" of that "qualifying word" to the rule's text nearly 80 years ago was intended to emphasize[ ] the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires. Fed.R.Civ.P. 60(b), Advisory Committee Note, 1946 Amendment; see 12 MOORE'S FEDERAL PRACTICE § 60.23 at 60-82 (3d ed. 2025) ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which

4

there is something left for the court to decide after issuing the order.") (footnote omitted).

The Court of Appeals for the Eighth Circuit has acknowledged and enforced this "finality" limitation in a number of decisions. See *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015) (plaintiffs' motion to reconsider order limiting their leave to amend was properly considered under Rule 54(b) rather than Rule 60(b), as district court "had not yet entered final judgment on any of plaintiffs' claims when the plaintiffs filed the motion for reconsideration"); *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (as Rule 60(b) "only applies to motions for relief from 'a final judgment, order, or proceeding,' " the district court erred in denying a motion to reconsider for failure to satisfy Rule 60(b), as motion addressed a non-final order and thus was not governed by that rule and, instead, should have been analyzed "[u]nder the last clause of Rule 54(b)"); *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 n.12 (8th Cir. 1988) ("a district court may not entertain a Rule 60(b) motion filed before entry of final judgment"); *St. Mary's Health Ctr. of Jefferson City v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) ("Rule 60(b) applies only to relief from a final judgment or order.").

**Rule 60(b)**

A district court may grant relief from a "final" judgment or order "for the following reasons" under Rule 60(b):

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Of these six "limited ... grounds," *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025), four are clearly inapplicable here. Plaintiffs neither challenge the order on the basis of "newly discovered evidence" under Rule 60(b)(2), nor claims under Rule 60(b)(3) that either order resulted from any defendant's "fraud," "misrepresentation," or "misconduct." Likewise, Plaintiffs do not contend the judgment is void under Rule 60(b)(4)-(5). Thus, at most, "only options one ... and six" are potentially "available." *Burks*, 2016 WL 11728948, at *1.

The Supreme Court resolved a circuit split that had developed on the mistake or inadvertence issue and held that, "[a]s a matter of text, structure, and

6

history, ... a 'mistake' under Rule 60(b)(1) includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022). Kemp thus "permits any kind of judicial mistake to be raised" under Rule 60(b)(1). 11 WRIGHT & MILLER, supra, 2025 Supp. § 2858.1 at 49. Even so, a litigant seeking relief for a court's purported "mistake" or "inadvertence" may not use Rule 60(b) as "a vehicle for simple rearmament on the merits." *Broadway*, 193 F.3d at 990; see *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) (district court did not abuse discretion in denying Rule 60(b) motion that "largely reasserted contentions made in earlier motions"); accord *Terra Int'l, Inc. v. Robinson*, 113 F. App'x 723, 725 (8th Cir. 2004) (per curiam).

As for the sixth subsection, it provides for relief based on "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). But this "last option"—a "catchall"—is "available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)); see *BLOM Bank*, 605 U.S. at 211 ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs"). And even then, "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *Id.* at 206.

The Eighth Circuit has long said as much. See *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where

7

exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."). Indeed, the Eighth Circuit has described all Rule 60(b) subsections as providing for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam); accord *Williams*, 891 F.3d at 706; *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995); see *Patel v. N.Y. Life Ins. Co.*, No. 4:10-CV-04195, 2015 WL 1637304, *1 (W.D. Ark. Apr. 13, 2015) (a party seeking reconsideration under "any portion of Rule 60(b) must establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides"); accord *Halloran*, 2013 WL 544011, at *1; Discount Tobacco, 2010 WL 3522476, at *1.

**Analysis**

Plaintiffs have not shown that they are entitled to reconsideration of the Opinion, Memorandum, and Order. Plaintiffs have had "a fair opportunity to argue" their position throughout the course of this litigation. The Court detailed its findings that Plaintiffs' complaints failed to contain sufficient facts to a plausible claim. Plaintiffs continued to set out conclusory allegations without detailing the basis for the conclusions. Although Plaintiffs focus on the Court taking judicial notice of the zoning ordinance at the time of the commencement of the business, and how the Court should not have done so, this argument fails to overcome the

8

Motion to Dismiss standard which requires Plaintiffs to set forth a plausible claim. Plaintiffs present nothing new to demonstrate the Motion to Amend the Order denying Plaintiffs' Motion for Leave to File Third Amended Complaint is meritorious and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Order denying Plaintiffs' Motion for Leave to File Third Amended Complaint, [Doc. No. 142] is **DENIED**.

Dated this 23rd day of January, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE